IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRUNSON ROBERTS                                                                                    PETITIONER
ADC#127841

VS.                             5:09CV00314-BSM-JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 habeas Petition filed by Petitioner, Brunson Roberts ("Roberts"), a prisoner incarcerated at the Varner Unit of the Arkansas Department of Correction. (Docket entry #2). Respondent has filed a

Response (docket entry #10) and Roberts has filed a Reply. (Docket entry #11). Thus the issues are joined and ready for disposition.

Roberts' habeas claims arise from a disciplinary conviction he received while incarcerated in the Varner Unit of the ADC. Before addressing the habeas claims, the Court will review the relevant procedural history of the case.

On November 6, 2008, Roberts was written a major disciplinary for: (1) Failure to obey an order of staff; (2) Assault; (3) Insolence to a staff member; (4) Battery-use of force on staff; and (5) Assault- attempt or threat upon staff. (Docket entry #10-3). He was given notice of the charges on November 7, 2008. (Docket entry #10).

The disciplinary hearing was held on November 10, 2008. Roberts refused to attend the hearing, and refused to sign a waiver. (Docket entry #10-3). The evidence considered was a statement from the charging officer, two reports from supporting staff, witness statement from an inmate and photograph of the staff member after she was assaulted. (Docket entry #10-3). The hearing officer found Roberts guilty on all of the charges and imposed the following sanctions: (1) 30 days of punitive isolation; (2) good time class reduced to class IV; and (3) 446 good time days forfeited. *Id.*

Prison rules prohibit an inmate from appealing the Disciplinary Hearing Officer's decision when he waives his right to attend the disciplinary hearing. (Docket entry #10-3). Because Roberts refused to attend his disciplinary hearing, he

lost his right to an appeal. *Id.*

On October 16, 2009, Roberts filed this habeas action, in which he seeks to have the Court vacate his November 10, 2008 disciplinary conviction. (Docket entry #2). Roberts claims that the disciplinary proceeding violated his due process rights because he was denied the right to attend his hearing and his right to appeal. *Id.*

Respondent argues that the disciplinary hearing did not deny Petitioner due process of law and that Roberts' claims fail on the merits. For the reasons explained below, the Court recommends that the Petition be denied, and that the case be dismissed, with prejudice.

## II. Discussion

The United States Supreme Court has held that a disciplinary conviction which results in a prisoner losing good time credits implicates a liberty interest protected by the Due Process Clause. See *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974). Because the loss of good time credits affects the duration of a prisoner's sentence, a § 2254 habeas action is a prisoner's exclusive remedy. See *Portley-El v. Brill,* 288 F.3d 1063, 1066-67 (8th Cir. 2002).

Due process requires that before an inmate may lose good time credits, he must receive: (1) advance written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety

and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decisionmaker identifying the evidence relied on and the reasons for the disciplinary action.  See *Hrbek v. Nix,* 12 F.3d 777, 780 (8th Cir. 1993)(citing *Wolff*, 418 U.S. at 563-67); *Espinoza*, 283 F.3d at 951-52)(citing *Superintendent v. Hill*, 472 U.S. 445 (1985)).  However, the decision of the prison disciplinary hearing officer is only required to be supported by "some evidence in the record."  *Espinoza,* 283 F.3d at 951-52(citing *Hill*, 472 U.S. at 454). "Ascertaining whether this standard is satisfied  does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.  Where the record contains some evidence to support the decision of the Disciplinary Hearing Officer, the decision cannot be characterized as arbitrary. *Hill*, 472 U.S. at 457.

There is nothing in the record to suggest that Roberts was denied due process. The record shows that all of the elements required for due process were fulfilled. First, Roberts was provided advanced written notice of his disciplinary charges on November 7, 2008, three days before his disciplinary hearing.  Second, Roberts was provided the opportunity to attend the disciplinary hearing, but elected not to do so.


(Docket entry #10-3). Although Roberts contends that he did not waive his right to attend the hearing, two witnesses provided statements that he refused to attend. *Id.* Third, Roberts received a written explanation of the disciplinary decision. *Id.* Finally, the record in this case clearly contains "some evidence" to support the disciplinary conviction, as required by the Court's holding in *Hill*.

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254, be DENIED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 6th day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE